UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LT5 CORPORATION, DAVID G.
KAGRISE and COLLEEN M. KAGRISE,

    Plaintiffs,

v.                                          Case No:   6:17-cv-947-Orl-41TBS

COMPRESSED GASES OF AUGUSTA,
INC.,

    Defendant.

## REPORT AND RECOMMENDATION

    This case comes before the Court on Plaintiff's Motion to Remand (Doc 7), and Defendant's response in opposition to the motion (Doc. 11). Upon due consideration, I respectfully recommend that the motion be denied.

    Plaintiffs filed this lawsuit for breach of contract in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (Doc. 2). Their complaint seeks damages and specific performance (Id.). Defendant removed the case to this Court based upon diversity jurisdiction (Doc. 1). Now, Plaintiffs ask the Court to remand the case to state court (Doc. 7).

    Removal of a case from state to federal court is governed by 28 U.S.C. § 1441(a), which states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Removal statutes are strictly construed against removal. Shamrock Oil

& Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). See also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court."). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. Williams, 269 F.3d at 1321.

Federal district courts have original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Here, the parties are diverse. Plaintiff LT5 Corporation is a Florida corporation which has its place of business in Clermont, Florida, and Plaintiffs David G. Kagrise and Colleen M. Kagrise are citizens of Florida (Id., ¶¶ 4-5). Defendant Compressed Gases of Augusta, Inc. is a Delaware corporation with its principal place of business in Danbury, Connecticut (Doc. 1-5). The amount in controversy requirement is also satisfied because Plaintiffs' complaint seeks damages of at least $250,000 (Doc. 2, ¶¶ 14, 19, 23).

Title 28 U.S.C. § 1446, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon

>the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). This case was timely removed to this Court. Defendant was served on May 5, 2017, and filed its notice of removal 20 days later (Doc. 1-2 at 3; Doc. 1).

Even though the requirements for diversity jurisdiction are met, Plaintiffs seek remand on the grounds that their complaint does not allege a federal question and removal is unnecessary (Doc. 7 at 1-2). Plaintiffs fail to cite any legal authority for their arguments, which conflict with the federal courts "virtually unflagging obligation ... to exercise the jurisdiction given them." Colorado River Water Conservation District v. United States (Colorado River), 424 U.S. 800, 817-18, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). "A District Court may decline to exercise jurisdiction only if the circumstances surrounding a dispute fit within the 'extraordinary and narrow exception' of the abstention doctrine." State Farm Mut. Auto. Ins. Co. v. Physicians Group of Sarasota, L.L.C., 9 F.Supp.3d 1303, 1307 (quoting Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). "'Abstention from the exercise of federal jurisdiction is the exception, not the rule[,]' and is justifiable only in 'exceptional circumstances.'" Id. Plaintiffs fail to show any reason why this Court should abstain from the exercise of its diversity jurisdiction in this case.

Plaintiffs' remaining argument is that by agreeing to the following language in the parties' contract, Defendant waived the right to remove this controversy from state to federal court:

>**Section 11.2 Consent to Jurisdiction and Service of Process**. Any Claim arising out of or relating to this Agreement or the transactions contemplated hereby shall be

- 3 -

>instituted in any Federal court of Florida or any state court located in the State of Florida, and each party agrees not to assert, by way of motion, as a defense or otherwise, in any such Claim, any Claim that it is not subject personally to the jurisdiction of such court, that the Claim is brought in an inconvenient forum, that the venue of the Claim is improper or that this Agreement or the subject matter hereof may not be enforced in or by such court. Each party further irrevocably submits to the jurisdiction of such court in any such Claim….

(Doc. 7 at 2-4).

A defendant can waive its right to remove an action to federal court in a forum selection clause. Global Satellite Comm. Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004). In this circuit, "the determination of whether such a clause constitutes a waiver in the context of removal based solely on diversity jurisdiction, is to be determined according to ordinary contract principles, and need not meet the higher threshold of a 'clear and unequivocal' waiver that has otherwise applied to litigation-based waivers." Id. (quoting Snapper, Inc. v. Redan, 171 F.3d 1249, 1260 (11th Cir. 1999)).

The waiver upon which Plaintiffs rely is clearly limited to matters of venue and in personam jurisdiction. The parties intend that any claim between them be litigated in a federal or state court in Florida. Nothing in the language agreed upon by the parties addresses the issues of removal and remand. Consequently, the language relied upon by Plaintiffs has no bearing on Defendant's right to remove the action from state court to this Court.

For the foregoing reasons, I respectfully recommend that Plaintiffs' motion for remand be **DENIED**.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 10, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record